**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAJARIAN HOLDINGS LLC;
NAJARIAN CAPITAL LLC,

    Plaintiffs-Appellants,

 v.

COREVEST AMERICAN FINANCE
LENDER LLC,

    Defendant-Appellee,

 and

CAF LENDING, LLC,

    Defendant.

No. 22-15010

D.C. No. 4:20-cv-00799-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted January 25, 2023
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Najarian Holdings LLC and Najarian Capital LLC (Najarian), two companies owned by Mr. Zareh Najarian, appeal the district court's grant of summary judgment in favor of CoreVest American Finance Lender LLC (CoreVest) and the district court's denial of appellants' motion for partial summary judgment.

We have jurisdiction under 28 U.S.C. § 1291. "We review a grant of summary judgment de novo. Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Southwest Fair Housing Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 959 (9th Cir. 2021) (citation omitted). "A dispute about a material fact is genuine if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . ." *Id.* (citation omitted). "The district court's interpretation of state contract law is likewise reviewed de novo." *Golden v. Cal. Emergency Physicians Medical Grp.*, 896 F.3d 1018, 1021 (9th Cir. 2018) (citation omitted).

1.      There was no genuine issue of material fact raised regarding the release of claims in the First Amendment to the agreement. *See Southwest Fair Housing Council*, 17 F.4th at 959. Based upon the plain meaning of the language

in the First Amendment, Najarian released all claims against CoreVest. *See City of Oakland v. Department of Finance*, 79 Cal.App.5th 431, 444 (2022), *as modified*.

Even if CAF, CoreVest's predecessor, failed to sign the First Amendment, Mr. Najarian's signature on the document as guarantor and on behalf of Najarian Holdings rendered the First Amendment enforceable against Mr. Najarian, Najarian Holdings, and Najarian Capital because Najarian Holdings and Najarian Capital were both controlled by Mr. Najarian. *See C9 Ventures v. SVC-W., L.P.*, 202 Cal.App.4th 1483, 1501 (2012) ("A provision on a form agreement *signed by the party against whom enforcement is sought* is binding . . .") (citation omitted) (emphasis added); *see also Apple, Inc. v. Franchise Tax Bd.*, 199 Cal.App.4th 1, 9 (2011) (explaining that corporations under common control are treated as one entity). It was likewise immaterial that Najarian Capital did not sign the document since Najarian Holdings and Mr. Najarian also released the claims of their "affiliates." The release is thus effective and enforceable. Nevertheless, even if Najarian's claims were not barred by the release, they lack merit for the reasons we discuss next. And in any event, Najarian never argued before the district court that the release was ineffective because it was not signed by CAF. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to

3

rule on it. . . .") (citation omitted).

We do not address Najarian's argument that the release was ineffective under the Statute of Frauds because Najarian did not raise this argument before the district court. *See id.*

2. The district court properly granted summary judgment in favor of CoreVest on Najarian's claim challenging the release fees. No genuine issue of material fact existed regarding whether the $250 release fees were unauthorized. *See Southwest Fair Housing Council, Inc.*, 17 F.4th at 959. The agreement between Najarian and CAF provided that Najarian was responsible for costs and expenses in "connection with negotiation, preparation, execution, delivery, administration, amendment, waiver, and enforcement of the Loan Documents." And another provision required Najarian to "pay to [CAF] all other fees as and when required pursuant to the Loan Documents." The $250 release fees were expressly authorized by the agreement between Najarian and CAF, as the fees were reasonably related to the costs associated with financing and releasing the loans, and summary judgment in favor of CoreVest on this claim was warranted.

3. No material issue of fact was raised regarding whether the late fees were unreasonable and illegal penalties under California law. *See id.* "[A] provision in a contract liquidating the damages for the breach of the contract is

valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." *Gormley v. Gonzalez*, 84 Cal.App.5th 72, 81 (2022). Because Najarian was often delinquent on monthly interest payments, the late fees compensated CAF for the decrease in value of the debt capital. The late fees were not unreasonable because they bore a reasonable relationship to CAF's anticipated damages. *See Krechuniak v. Noorzoy*, 11 Cal.App.5th 713, 722 (2017)*.*

**AFFIRMED.**